IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DISH NETWORK L.L.C., )
ECHOSTAR TECHNOLOGIES L.L.C., )
and NAGRASTAR, LLC, )
)
        Plaintiffs, )
)
          v. )    Civil Action No. 11-241 Erie
)
PAUL ROUNDS, )
)
        Defendant. )

# **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., District Judge.

    Presently pending before the Court is the Plaintiffs' Motion for Default Judgment and Request for Statutory Damages and Permanent Injunction [ECF No. 12] against Defendant, Paul Rounds ("Defendant") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, Plaintiffs' Motion will be granted.

    According to the allegations in the Complaint,[1] DISH Network L.L.C. ("DISH Network") is a multi-channel provider that delivers copyrighted satellite television programming to approximately 14 million subscribers throughout the United States. [ECF No. 1] ¶¶ 9-12. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event, the purchase price. *Id*. at ¶ 10. To restrict its programming to authorized subscribers, DISH Network encrypts its satellite signal, and authorized subscribers are provided with the necessary equipment in order to decrypt the signal and view the programming. *Id*. at ¶ 13. This equipment consists of a compatible dish antenna, receiver and smart card. *Id*. at ¶ 14. Defendant EchoStar Technologies

---

[1] A default was entered by the Clerk of Court on November 14, 2011. [ECF No. 11]. "Upon entry of default by the Clerk of Court, '[a] defendant is deemed to have admitted the factual allegations of the Complaint by virtue of his default, except those factual allegations related to damages.'" *DIRECTV, Inc. v. Ruiz*, 2006 WL 1458204 at *1 n.1 (D.N.J. 2006) (quoting *DIRECTV v. Asher*, 2006 WL 680522 at * 1 (D.N.J. 2006). Therefore, the Court accepts the facts set forth in the Plaintiffs' pleadings as true.

1

L.L.C. ("EchoStar") provides receivers, dish antenna, and other equipment for the DISH Network system. *Id*. Smart cards and other proprietary equipment are supplied by Defendant NagraStar LLC ("NagraStar"). *Id*. at ¶ 15.

The EchoStar receiver and the NagraStar smart card work together to convert DISH Network's encrypted satellite signal into viewable programming that can be displayed on the attached television of a DISH Network subscriber. *Id*. at ¶ 18. The receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the "entitlement control message" and forwards the message to the smart card. *Id*. at ¶ 17. The smart card uses its decryption keys to unlock the message uncovering a control word, which is transmitted back to the receiver in order to decrypt the DISH Network satellite signal. *Id*.

Various devices and services have been developed for the purpose of illegally decrypting or "pirating" DISH Network programming. *Id*. at ¶ 19. One method is known as "control word sharing," also called "internet key sharing" or simply, "IKS," which involves the use of an unauthorized receiver, piracy software and an internet connection. *Id*. at ¶ 20. Under this method, a pirate computer server sends descrambling codes to internet end-users who have downloaded piracy software onto their receivers so that their receivers are programmed to receive the descrambling control words and utilize the control words to descramble DISH Network programming. *Id*. at ¶¶ 20-21.

Here, Plaintiffs' allege that a pirate IKS television service operated by www.dark-angel.ca ("Dark Angel") provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. *Id*. at ¶¶ 8, 22. Dark Angel's business records reveal that Defendant purchased subscriptions to Dark Angel's pirate IKS television service on or about January 2, January 4, April 4, and May 1, 2010. *Id*. at ¶ 24. Utilizing Dark Angel's IKS service, Defendant obtained DISH Network's descrambling control words to illegally receive and descramble copyrighted television programming. *Id*. at ¶ 25. In order to access the IKS server, Defendant used a pirate satellite receiver loaded with piracy software designed to circumvent the technological measures used to protect access to copyrighted television programming. *Id*. at ¶ 26. Each time Defendant tuned his pirate satellite receiver to a scrambled DISH Network television channel, the receiver would access the Dark Angel IKS service and server to request the descrambling control word for that particular channel, the Dark Angel server would return

the control word, and Defendant would descramble the encrypted signal and view the television programming without authorization. *Id*. at ¶ 26.

Plaintiffs' allege that through IKS piracy, Defendant had unlimited access to DISH Network programming, including premium and per-per-view channels, resulting in an unlimited and unknown amount of revenues being diverted from them. *Id*. at ¶27. In addition, Defendant's actions caused further harm to the Plaintiffs in the form of increased anti-piracy costs, as well as loss of reputation and goodwill. *Id.*

Plaintiffs filed suit against Defendant on October 13, 2011. [ECF No. 1]. Count I alleges unauthorized circumvention of DISH Network's security system controlling access to copyrighted works, in violation of 17 U.S.C. § 1201(a)(1) (the Digital Millennium Copyright Act). Count II alleges unauthorized reception of satellite signals, in violation of 47 U.S.C. § 605(a) (the Federal Communications Act). Count III alleges unauthorized interception of electronic communications, in violation of 18 U.S.C. §§ 2511(1)(a) and 2520 (the Electronic Communications Privacy Act). On October 19, 2011, Defendant was properly served with a copy of the Summons and the Complaint, and has since failed to appear or otherwise defend in this action. [ECF No. 9]. A default was entered by the Clerk of Court on November 14, 2011. [ECF No. 11]. The instant Motion for Default Judgment was filed on November 15, 2011, and served upon Defendant by U.S. mail. [ECF No. 12].

*A. Standard on Motion for Default Judgment*

Rule 55(b)(2) of the Federal Rules of Civil Procedure permits a district court to enter judgment by default against a defaulting party when a default has been entered by the Clerk of Court. The entry of a judgment by default is not automatic; rather, the decision is left to the sound discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3rd Cir. 1984). This discretion is not unlimited, and the consideration of three factors control whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3rd Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3rd Cir. 1984)). The court must also ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Broadcast Music, Inc. v. Spring Mount Area*

*Bavarian Resort, LTD*, 555 F. Supp. 2d 537, 541 (E.D.Pa. 2008) (quoting *DIRECTV v. Asher*, 2006 WL 680533 at *1 (D.N.J. 2006)).

    *B.   Discussion*

Plaintiffs' proposed final judgment reflects that they have agreed to dismiss their claims under 17 U.S.C. § 1201(1)(1) and 47 U.S.C. § 605(a) upon default judgment being entered in their favor under 18 U.S.C. § 2511(1)(a). [ECF No. 12-2] ¶ 5. Section 2511(1)(a) states, in pertinent part, that "any person who … intentionally intercepts … any wire, oral or electronic communication … shall be subject to suit." 18 U.S.C. § 2511(1)(a). This section renders unlawful the unauthorized interception of electronic communications, including, *inter alia*, encrypted satellite television broadcasts. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 167 (3rd Cir. 2005).

Here, Plaintiffs' have alleged that Dark Angel was a pirate IKS service that provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. [ECF No. 1] at ¶ 22. Defendant purchased subscriptions to Dark Angel's pirate IKS television service on four separate occasions in 2010 and utilizing this service, obtained DISH Network's descrambling control words to illegally receive and descramble copyrighted television programming. *Id*. at ¶¶ 24-25. Defendant's intentional interception of DISH Network's satellite transmissions of television programming and descrambling control words through IKS piracy resulted in the Defendant having unlimited access to DISH Network programming. *Id*. at ¶ 27. These averments, taken as true, state a claim for a violation of 18 U.S.C. § 2511(1)(a).

We find that a default judgment is appropriate in this case. Plaintiffs' will be prejudiced if no default judgment is entered, as the Defendant has failed to respond in any manner to the Complaint, and they have "no other means of vindicating" or prosecuting their claims against him. *DIRECTV v. Asher*, 2006 WL 680533 at *2 (D.N.J. 2006); *see also Coach, Inc. v. Fashion Paradise*, LLC, 2012 WL 194092 at *6 (D.N.J. 2012) ("The Court also finds that Plaintiffs have been prejudiced by Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion."). There is nothing to suggest that Defendant has a meritorious defense to liability. Further, he has proffered no reasons for failing to appear and defend the lawsuit against him. Having

determined that the Complaint states a claim under 18 U.S.C. § 2511(1)(a) and that a default judgment is warranted, we proceed to consider the appropriate remedy.

Section 2520(c)(2) provides that the court "*may* assess as damages whichever is the greater of—(A) the sum of the actual damages suffered by the plaintiff …; or (B) statutory damages of whichever is the greater of $100.00 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2) (emphasis added). Plaintiffs' do not seek actual damages or damages calculated at $100.00 per day, but instead have requested the statutory amount of $10,000.00 be awarded. The award of statutory damages under § 2520(c)(2) is a matter committed to the district court's discretion. *See DIRECTV, Inc., v. Barczewski*, 604 F.3d 1004, 1009 (7th Cir. 2010) (district court has discretion not to award statutory damages under the statutory formula); *DIRECTV, Inc., v. Rawlins*, 523 F.3d 318, 324 (4th Cir. 2008) ("This court has recognized, consistent with the language of the statute and with the views of the majority of our sister circuits, that the award of damages under § 2520(c)(2) is discretionary."); *DIRECTV, Inc. v. Brown*, 371 F.3d 814, 818 (11th Cir. 2004) ("The use of the term 'may' is plain and means that an award of damages under section 2520(c)(2) is discretionary.").

Although a court has the discretion whether to award statutory damages, once it decides to do so, it "has no discretion as to the amount." *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1132 (M.D.Ala. 2004); *see also DIRECTV, Inc. v. Walsh*, 540 F. Supp. 2d 553, 561 (M.D.Pa. 2008) ("The question then is whether to award no damages or $10,000."); *DIRECTV, Inc., v. Hedger*, 322 F. Supp. 2d 879, 882 (W.D.Mich. 2004) ("under [§ 2520(c)(2)], the Court may exercise its discretion to either award DIRECTV $10,000 or to award no damages at all"); *DIRECTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1347-48 n.28 (M.D. Fla. 2003) ("Although a district court has the discretion to award the full amount of statutory damages authorized under § 2520(c)(2) or none at all, Congress did not grant district courts authority to prescribe an amount falling between those two choices."); *DISH Network, Inc. v. Delvecchio*, 2011 WL 4747848 at *6 (W.D.N.Y. 2011) ("Congress wrote § 2520(c)(2) to give discretion to the Court in determining whether to award damages, but the plain language of the statute does not … authorize the Court to grant anything other than the damages permitted by the statute. … [T]he discretion provided to it allows it only to decide between no damages and $10,000.").

Courts have considered various factors in determining whether to award statutory damages, including:

5

> … (2) whether there was any evidence that the defendant actually used his pirate access devices; … (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for this actions; [and] (6) whether an award of damages would serve a legitimate purpose[.] …

*Huynh*, 318 F. Supp. 2d at 1132 (citations omitted).

Here, the Complaint avers that Defendant, through a subscription, utilized the pirate access device on numerous occasions. [ECF No. 1] ¶¶ 24-26. There could be no legitimate reason for Defendant's actions. In addition, an award of statutory damages would serve the legitimate purpose of deterring the Defendant from engaging in such conduct. *See Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 126-17 (3rd Cir. 2002) (statutory damages are designed to serve as a deterrent by penalizing wrongdoer). We therefore exercise our discretion and award statutory damages in the amount of $10,000.00.

Section 2520(b)(1) permits the district court to grant "such preliminary and other equitable or declaratory relief as may be appropriate." 18 U.S.C. § 2520(b)(1); *see also Walsh*, 540 F. Supp. 2d at 562. In order to obtain a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Prise v. Alderwoods Group, Inc.*, 2010 WL 3432299 at *1 (W.D.Pa. 2010).

In granting a permanent injunction under the same factual circumstances, the district court in *Delvecchio* reasoned:

> The Court finds that based on the Defendant's conduct, Plaintiffs have suffered irreparable injury based on the piracy of their service. In addition, the damages provided for above, while significant, are inadequate to prevent future piracy without injunctive relief. The only hardship to Defendant from this injunction would be to prevent him from engaging in further illegal activity, so the balance clearly weighs in Plaintiffs' favor. The public interest is not disserved by an injunction as it will protect copyrights and help enforce federal law. The Court finds the criteria for a permanent injunction have been met and therefore orders Defendant be permanently enjoined from intercepting Plaintiffs' encrypted satellite communications or assisting anyone else in doing so.

*Delvecchio*, 2011 WL 4747848 at *6. We reach the same conclusion here, and will grant Plaintiffs' request for a permanent injunction.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DISH NETWORK L.L.C., )
ECHOSTAR TECHNOLOGIES L.L.C., )
and NAGRASTAR, LLC, )
                               )
                Plaintiffs, )
                               )
                      v. )         Civil Action No. 11-241 Erie
                               )
PAUL ROUNDS, )
                               )
                Defendant. )

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

AND NOW, this 6th day of April, 2012, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiffs' Motion for Default Judgment and Request for Statutory Damages and Permanent Injunction [ECF No. 12] is GRANTED. JUDGMENT is hereby entered in favor of Plaintiffs, DISH Network, L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC, and against Defendant Paul Rounds, as to Plaintiffs' claims under 18 U.S.C. §§ 2511(1)(a) and 2520 of the Electronic Communications Privacy Act.

IT IS FURTHER ORDERED that JUDGMENT is hereby entered in favor of Plaintiffs, DISH Network, L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC, and against Defendant, Paul Rounds, in the amount of $10,000.00 representing statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B).

IT IS FURTHER ORDERED that Plaintiffs' causes of action under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) (Count I of the Complaint) and under the Communications Act, 47 U.S.C. § 605(a) (Count II of the Complaint), are hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendant, or anyone acting in active concert or participation with, or at the direction or control of Defendant are hereby PERMANENTLY ENJOINED from:

(1) intentionally intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

(2) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

IT IS FURTHER ORDERED that this Permanent Injunction takes effect immediately.

IT IS FURTHER ORDERED that the Court retains jurisdiction to enforce this Final Judgment and Permanent Injunction.

                                              s/ Sean J. McLaughlin
                                                United States District Judge

cm:    All parties of record